IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT

JAMIE SCHNIDER and )
TIANA JOHNSON )
                                  )
            Plaintiffs, )
                                  )
vs. )
                                  )      Case No. 3VA-15-00007 CI
PROVIDENCE HEALTH & SERVICES )
                                  )
           Defendant. )
                                  )

## COMPLAINT

Plaintiffs Jamie Schnider and Tiana Johnson, by and through counsel, James Alan Wendt, set forth the following allegations of fact and respectfully pray that this court grant them the relief requested.

1.     Plaintiffs Jamie Schnider and Tiana Johnson were at times relevant to the bringing of this action, residents of the Third Judicial District, State of Alaska.

2.     Providence Health & Services (hereinafter Providence) is, and was at all times relevant to the bringing of this action, a corporation doing business in Alaska and was authorized to provide health care in the Third Judicial District of the State of Alaska.

3.     Providence Valdez Counseling Center (hereinafter PVCC) is a division of Providence Health & Services that provides mental health services, including

LAW OFFICES OF JAMES ALAN WENDT
425 G STREET, SUITE 610
ANCHORAGE, ALASKA 99501
(907) 258-9100   FAX: 258-7329

Exhibit A
Page 1 of 11 Pages
Case 3:15-cv-00038-SLG   Document 1-1   Filed 03/10/15   Page 1 of 11

counseling, to patients in and around Valdez, Alaska in the Third Judicial District of Alaska.

4. Providence is liable for the acts of PVCC and for the acts of the employees of PVCC that are performed within the scope of their employment.

5. Jamie Schnider and Tiana Johnson were married on April 5, 2003. From that time until the time of their divorce on June 12, 2014, Tiana Johnson went by the name of Tiana Schnider.

6. In the summer of 2013 Jamie Schnider and Tiana Johnson together received marriage counseling from PVCC.

7. Jamie Schnider received individual counseling services at PVCC before, during and after the joint counseling he received with Tiana Johnson.

8. Tiana Johnson received individual counseling from May, 2013 to September, 2013 at PVCC.

9. In December of 2013, Jamie Schnider was assigned to Natalie Warner, a mental health therapist who was replacing Jamie Schnider's prior therapist.

10. Defendant PVCC employed Natalie Warner to provide counseling to patients. Jamie Schnider was a patient entrusted to the care of Natalie Warner by PVCC.

11. On information and belief, at the time PVCC entrusted Jamie Schnider to Natalie Warner's care, Natalie Warner had a personality and/or mental health disorder

Complaint
Schnider et al v Providence
3VA-15-_____CI
Page 2 of 11

Exhibit A
Page 2 of 11 Pages

Case 3:15-cv-00038-SLG   Document 1-1   Filed 03/10/15   Page 2 of 11

LAW OFFICES OF JAMES ALAN WENDT
425 G STREET, SUITE 610
ANCHORAGE, ALASKA 99501
(907) 258-9100   FAX: 258-7329

LAW OFFICES OF JAMES ALAN WENDT
425 G STREET, SUITE 610
ANCHORAGE, ALASKA 99501
(907) 258-9100   FAX: 258-7329

that manifested with prior substance abuse, suicide attempt(s), and other self destructive behaviors that required hospitalization(s).

12. Prior to Natalie Warner taking over Jamie Schnider's therapy, a treatment goal was to have Jamie Schnider and Tiana Johnson reenroll in the maritially focused treatment they had received in the summer of 2013 to address issues they were having in their marriage.

13. After Natalie Warner took over Jamie Schnider's therapy, maritally focused treatment was no longer listed as a goal of treatment.

14. Mr. Schnider met with Natalie Warner at PVCC twice a week to, among other things, address issues associated with withdrawal from prescription medication, symptoms of depression and PTSD.

15. During the course of treatment with Natalie Warner, Ms. Warner mishandled or abused the transference and countertransference phenomena.

16. Transference and countertransference are phenomena that arise during the course of mental health therapy.

17. Mental health counselors are educated and trained in the proper handling of the transference and countertransference phenomena.

18. On information and belief, as a result of the mishandling of the transference and countertransference phenomena, Natalie Warner developed an intention to use her position as Jamie Schnider's mental health therapist to exert

Complaint
Schnider et al v Providence
3VA-15-_____CI
Page 3 of 11

Exhibit A
Page 3 of 11 Pages

Case 3:15-cv-00038-SLG   Document 1-1   Filed 03/10/15   Page 3 of 11

influence and control over his marriage with the objective of disrupting the marital relationship and inserting herself as a romantic interest of Jamie Schnider.

19. During the period that Natalie Warner had a therapist/patient relationship with Mr. Schnider, Ms. Warner began a sexual relationship with Mr. Schnider.

20. Prior to beginning the sexual relationship, Jamie Schnider rebuffed an initial sexual overture by Natalie Warner.

21. On information and belief, at least one other professional employee of PVCC was aware of a dangerous and improper relationship between Natalie Warner and Jamie Schnider and failed to take appropriate action.

22. Soon after Natalie Warner began a sexual relationship with Mr. Schnider, Mr. Schnider's wife, Tiana Johnson, sent an email to Natalie Warner informing her that she had seen an email sent to Natalie Warner from her husband and it caused her concern regarding the nature of the therapist/patient relationship.

23. Natalie Warner responded to Tiana Johnson's email by denying any improper relationship existed and blaming the issue on Jamie Schnider "acting out."

24. Tiana Johnson replied to Natalie Warner's email by apologizing "immensely" to Natalie Warner for her email questioning Ms. Warner's relationship with her husband.

25. Approximately four hours before responding to Tiana Johnson's email in which Natalie Warner denied any improper involvement with Jamie Schnider she had

Complaint
Schnider et al v Providence
3VA-15-_____CI
Page 4 of 11

Exhibit A
Page 4 of 11 Pages

Case 3:15-cv-00038-SLG   Document 1-1   Filed 03/10/15   Page 4 of 11

authored an email to Jamie Schnider in which she stated "I wish I were lying next to you naked with my head on your chest and legs wrapped around you."

26. During the email communications referenced in paragraphs 22 through 25, Natalie Warner was aware that Tiana Johnson had been a patient of PVCC within the prior year.

27. One week after the email communications referenced in paragraphs 22 through 25, Natalie Warner and Jamie Schnider flew to Maui, Hawaii where they stayed for approximately two weeks after which they traveled extensively throughout the United States.

28. On April 25, 2014, Tiana Johnson filed for divorce from Jamie Schnider.

29. On June 12, 2014, a Decree of Dissolution of the marriage of Jamie Schnider and Tiana Johnson was granted.

30. Within two months after Natalie Warner and Jamie Schnider left Alaska for Maui, Hawaii and thenceforth traveled the United States, Ms. Warner began threatening suicide and making suicide attempts.

31. On October 9, 2014 Natalie Warner committed suicide in the presence of Jamie Schnider using Jamie Schnider's hand gun.

## COUNT I
### (Negligence in providing mental health counseling and in reporting)

Plaintiff realleges paragraphs 1 – 31 as fully set forth herein, and further alleges as follows:

Complaint
Schnider et al v Providence
3VA-15-_____CI
Page 5 of 11

Exhibit A
Page 5 of 11 Pages

Case 3:15-cv-00038-SLG   Document 1-1   Filed 03/10/15   Page 5 of 11

32. Natalie Warner had a duty to provide ethical and effective mental health counseling to Jamie Schnider.

33. Having communicated to Tiana Johnson regarding the counseling she provided to her husband, Natalie Warner had a duty to report to Tiana Johnson accurately, honestly and objectively.

34. Natalie Warner breached her duty to Jamie Schnider by negligently mishandling the transference phenomena and/or recklessly influencing Jamie Schnider to engage in a sexual relationship.

35. Natalie Warner breached her duty to Tiana Johnson by falsely communicating with her regarding the nature of the relationship she had with Ms. Johnson's husband Jamie Schnider.

36. As a direct and proximate result of the negligent, recklessly indifferent, and intentional acts described above, Jamie Schnider and Tiana Johnson suffered personal injury, past and future counseling, past and future wage loss, pain and suffering, emotional distress, loss of consortium and other economic and non-economic damages.

## COUNT II
### (Negligence in hiring, training, supervising)

Plaintiff realleges paragraphs 1 - 36 as fully set forth herein, and further alleges as follows:

Complaint
Schnider et al v Providence
3VA-15-_____ CI
Page 6 of 11

Exhibit A
Page 6 of 11 Pages

Case 3:15-cv-00038-SLG   Document 1-1   Filed 03/10/15   Page 6 of 11

37. Defendant Providence had a duty to Jamie Schnider to ensure that all mental health counselors employed by PVCC and assigned to provide therapy to PVCC patients were free from any personality problems or mental health problems that could adversely affect their ability to adequately provide patient therapy.

38. PVCC hired and maintained Natalie Warner as an employee with whom PVCC entrusted patient care.

39. PVCC was negligent and/or reckless in hiring Natalie Warner and in allowing Natalie Warner to continue to treat patients after it became apparent that Natalie Warner had emotional and/or mental health problems that had the potential to significantly and adversely affect her ability to provide ethical and effective treatment to patients.

40. PVCC was negligent and/or reckless in training, or failing to train, Natalie Warner in how to recognize and how to properly handle the transference and counter-transference phenomena that arise in the course of mental health therapy.

41. PVCC was negligent and/or reckless in failing to supervise Natalie Warner prior to and during the period of time she was Jamie Schnider's counselor.

42. As a direct and proximate result of the negligent, recklessly indifferent, and intentional acts described above, Jamie Schnider and Tiana Johnson suffered personal injury, past and future counseling expenses, past and future wage loss, pain

Complaint
Schnider et al v Providence
3VA-15-_____CI
Page 7 of 11

Exhibit A
Page 7 of 11 Pages

Case 3:15-cv-00038-SLG   Document 1-1   Filed 03/10/15   Page 7 of 11

and suffering, emotional distress, loss of consortium and other economic and non-economic damages.

## COUNT III
### (Negligence Per Se)

Plaintiff realleges paragraphs 1 - 42 as fully set forth herein, and further alleges as follows:

43. Natalie Warner had a duty to provide ethical and effective therapeutic counseling to Jamie Schnider in compliance with all applicable statutes, regulations, codes and standards.

44. Natalie Warner acted recklessly and/or intentionally in violating the constraints imposed by AS 08.29 et seq., 12 AAC 62 et seq. and all referenced statutes, regulations, codes and standards referenced therein.

45. The violations of AS 08.29 et seq., 12 AAC 62 et seq. and all referenced statutes, regulations, codes and standards referenced therein are negligence per se.

46. As a direct and proximate result of the recklessly indifferent, and/or intentional acts described above, Jamie Schnider and Tiana Johnson suffered personal injury, past and future counseling expense, past and future economic damage including wage loss, pain and suffering, emotional distress, loss of consortium and other economic and non-economic damages.

## COUNT IV
### (Infliction of Emotional Distress)

Complaint
Schnider et al v Providence
3VA-15-_____CI
Page 8 of 11

Exhibit A
Page 8 of 11 Pages

Case 3:15-cv-00038-SLG   Document 1-1   Filed 03/10/15   Page 8 of 11

Plaintiff realleges paragraphs 1 - 46 as fully set forth herein, and further alleges as follows:

47. Natalie Warner had a duty to provide ethical and effective therapeutic counseling to Jamie Schnider and to avoid the negligent, reckless, and/or intentional infliction of emotional distress.

48. Natalie Warner had a duty to Tiana Johnson to avoid the negligent, reckless, and/or intentional infliction of emotional distress.

49. Natalie Warner's conduct, which caused emotional distress to Jamie Schnider and to Tiana Johnson, was intentional and/or reckless.

50. Natalie Warner's conduct, which caused emotional distress to Jamie Schnider and Tiana Johnson was extreme, outrageous and atrocious.

51. As a direct and proximate result of the recklessly indifferent, and intentional acts described above, Jamie Schnider and Tiana Johnson suffered personal injury, past and future counseling expenses, past and future wage loss, pain and suffering, emotional distress, loss of consortium and other economic and non-economic damages.

## COUNT V
### (Respondeat Superior)

Plaintiff realleges paragraphs 1 - 51 as fully set forth herein, and further alleges as follows:

Complaint
Schnider et al v Providence
3VA-15-_____CI
Page 9 of 11


Exhibit A
Page 9 of 11 Pages

Case 3:15-cv-00038-SLG   Document 1-1   Filed 03/10/15   Page 9 of 11

52. Defendant Providence had a duty to Jamie Schnider and to Tiana Johnson to ensure employees of PVCC adequately performed their duties.

53. Natalie Warner was an employee of PVCC.

54. As respondeat superior, Defendant Providence is liable for the negligent and/or reckless acts committed by Natalie Warner during the course of her employment.

55. As a direct and proximate result of the negligent, recklessly indifferent, and intentional acts described above, Jamie Schnider and Tiana Johnson suffered personal injury, past and future counseling expenses, past and future wage loss, pain and suffering, emotional distress, loss of consortium and other economic and non-economic damages.

## COUNT VI
### (Punitive Damages)

Plaintiff realleges paragraphs 1 - 55 as fully set forth herein, and further alleges as follows:

56. Natalie Warner engaged in outrageous acts and omissions in providing mental health counseling to Jamie Schnider. Natalie Warner further acted with bad motives and with reckless indifference to the well being of Jamie Schnider and Tiana Johnson during the course of therapy provided Jamie Schnider.

57. PVCC acted with reckless indifference in failing to ensure that employees adequately performed their duties and in hiring and maintaining Natalie

Complaint
Schnider et al v Providence
3VA-15-_____CI
Page 10 of 11

Exhibit A
Page 10 of 11 Pages

Case 3:15-cv-00038-SLG   Document 1-1   Filed 03/10/15   Page 10 of 11

Warner as a mental health therapist after it became obvious that Natalie Warner had significant personality problems and/or mental health problems.

58. Because Defendant Natalie Warner acted outrageously, with bad motives and/or with reckless indifference, and because PVCC acted with reckless indifference, punitive damages are necessary and appropriate.

WHEREFORE, Plaintiffs prays for relief as follows:

1. For compensatory damages in an amount to be proven at trial, including, but not limited to, compensation for Plaintiffs' personal injuries, risk of future harm, past and future counseling and legal expenses, past and future wage loses, pain and suffering, emotional distress, loss of consortium and other economic and non-economic damages;

2. For punitive damages in an amount to be proven at trial;

3. For special damages in an amount to be proven at trial;

4. For costs, interest and attorney's fees; and

5. For such other and further relief as the court deems just and equitable under the circumstances.

DATED at Anchorage, Alaska this 5 day of February, 2015.

JAMES WENDT,
ATTORNEY AT LAW

_____
James Wendt (AK Bar # 9201001)
Attorney for Plaintiff

Complaint
Schnider et al v Providence
3VA-15-_____CI
Page 11 of 11

Exhibit A
Page 11 of 11 Pages